Kunkle, J.
Bruce Beall, plaintiff below, brought suit against The Gambrinus Brewing Company, defendant below, to recover judgment in the sum of $130 with interest, as rent for premises No. 50 Greenlawn avenue, Columbus, Ohio, for the months of January, February, March and April, 1914, under a lease beginning on the first day of March, 1910, and extending for a period of five years thereafter.
Defendant below for amended answer and for a first defense, after making certain formal admissions as to its corporate capacity, the execution of *277 the lease, the occupation of the premises and the payment of certain rent, denied the other allegations of the petition.
In the second defense of the amended answer defendant below in substance alleged that under a notice given in pursuance to the provisions ©f the said lease it was released from the payment of further rent after November, 1913.
In the third defense of the amended answer, in addition to repeating the averments of the second defense, defendant below alleged that in pursuance to said notice it surrendered the possession of the said premises to plaintiff below and that he accepted the surrender of the possession of said property.
The reply, after admitting the stipulation in the lease as set forth in the second and third defenses, denied each and every other allegation thereof.
A jury was waived and the case was submitted to the court.
The court rendered a judgment in favor of plaintiff for the amount claimed.
Motion for a new trial having been overruled, error is prosecuted to this court.
The case turns upon the following provision found in the lease, viz.:
“It is further agreed and understood by the parties hereto, that if the sale of intoxicating liquors upon the premises herein described is prohibited during the term of this lease by township, municipality or state or any other legal authority or action under and by virtue of existing or future laws or actions providing and authorizing the same, then the lessee may at its option terminate this *278 lease by giving thirty days written notice to the lessor of its intention to so terminate this lease.”
As above stated the lease was executed in 1910— that is, prior to the adoption of the new constitution and the passage of the license act regulating the trafficking in intoxicating liquors.
Plaintiff in error under the lease was authorized to, and did, sublet the premises to one Cook who conducted a saloon thereon.
Under the constitution as well as under the license act the number of saloons in any municipality is limited to one for every five hundred of population.
On the fifth day of November, 1913, the county liquor licensing board of Franklin county issued the following notice to Cook:
“Note: This notice is to be used only when full quota has been granted.
“Notice of Rejection.
“Mr. Thomas Cook,
“50 Greenlawn Ave.,
“Columbus, Ohio.
“Sir :—
“You are hereby notified that your application No. 305 to traffic in intoxicating liquors has this day been rejected, for the reason that the full quota of saloon licenses which under the constitution and law may be granted in the city of Columbus has after due consideration of all applications filed, been granted and will be delivered in accordance with law to other qualified and fit applicants. The *279 constitutional limitation will not permit, therefore, the issuing of a license to you.
“Dated this fifth day of November, 1913.
“The Franklin County Liquor Licensing Board,
“L. W. Buckmaster,
“F. R. Vance,

“Members.”

Upon the basis of the above notice plaintiff in error gave written notice to defendant in error as follows:
“Columbus, Ohio.

“November 21,1913.

“Registered.
“Mr. Bruce Beall,

“Columbus, Ohio.

“Dear Sir :—
“No license being given on the premises under lease at No. 50 Greenlawn avenue, we hereby give you notice that we will terminate this lease in thirty (30) days from this date.
“Yours very truly,
“Gambrinus Brewing Company,
“By Paul Feinknopf.”
Plaintiff in error thereupon vacated the leased premises.
It becomes a question of law under the above statement of facts as to whether plaintiff in error *280 was entitled to surrender the lease and escape liability thereunder for future rents.
It is claimed by counsel for plaintiff in error that the constitutional amendment and the license act limiting the number of saloons, when taken in connection with the action of the county liquor licensing board in granting to other persons and places the full quota of licenses to which this city was entitled and in refusing a license to Cook to conduct a saloon on the premises in question, because the full quota had been granted to other persons, bring the case within the stipulation of the lease above quoted.
Counsel for defendant in error contend that the license act applies only to the person making application to be licensed, and does not either directly or indirectly apply to the place or prohibit the sale of intoxicating liquors upon any particular premises.
Section 21 of the license act (Section 1261-36, General Code) among other things provides that each applicant shall state:
“(b) The premises where the business of selling is to be carried on, including the street and number where there is such street or number.”
Section 19 of the license act (Section 1261-34, General Code) prohibits the granting of licenses to certain persons and also the granting of licenses to operate a saloon in certain localities.
The granting of a license is a determination not only of the fitness of the applicant, but also of the suitableness of the place.
Section 23 of the license act (Section 1261-38, General Code) among other things provides that *281 the license certificates shall be uniform for all counties, and shall specify the county and city or township, and the street and number .wherein the license shall be good.
Section 36 of the license act (Section 1261-51, General Code) in brief provides that no licensee shall remove his place of business during the license year to any other location than that named in the application without an endorsement of the said board.
From these provisions we think it follows that each licensee is required to conduct the trafficking in intoxicating liquors upon the premises described in the application, and that when the full quota of licenses is issued the sale of intoxicating liquors in all premises not included in the various licenses is prohibited.
The prohibition would follow as a legal result from the provisions of the license act and the action of the county liquor licensing board in refusing a license.
When applied to the case at bar we think it would follow that the sale of intoxicating liquors upon the said premises, after the action of the county licensing board became effective, was prohibited within the meaning of the stipulation of the lease above quoted.
Counsel for defendant in error rely upon the case of Lynch v. Val Blatz Brewing Co., 179 Mich., 355.
In the Michigan case the license of the subtenant was revoked for misconduct, and the other applicants for a license were refused in part, if not wholly, because of the reputation of the place.
In the Michigan case it seems the license board *282 had authority to grant the application for a license to sell liquor upon the premises in question, but declined to do so for reasons sufficient to themselves.
In the case at bar the board had no authority to issue a license after the quota was exhausted, and based their refusal to issue a license to Cook solely upon the ground that their power was exhausted.
It is also contended that the character of the applicant is presumed to have been considered by the board in issuing the quota of licenses to other persons, and that the character of Cook may have been the real reason for the selection of other applicants and the rejection of Cook.
We think the presumption is just as strong that the proper distribution of saloons throughout the city may have influenced the board in rejecting this particular application.
However that may be, there is nothing in the . record which would warrant us in finding that the license was refused because of the unfitness of Cook, and in the absence of any facts in the record warranting such finding we must' rely upon the statement of the board, which is that the license was refused Cook because the full quota had been exhausted.
The letter of defendant in error to plaintiff in error, of date December 1, 1913, states that the refusal to grant a license was due to the unfitness of Cook; but such statement being a self-serving declaration, and not being supported by any evidence, could not be permitted to overthrow the reason assigned by the board.
We think it was the intention of the parties when the lease was executed that the lessee should have *283 the option of terminating the lease whenever the public authorities made it unlawful to traffic in intoxicating liquors on the premises in question.
Counsel for defendant in error also suggest that there is no proof that Cook was a subtenant of plaintiff in error.
Counsel for defendant in error contend that while there is no reply to the first defense of the amended answer, the averment that Cook was a subtenant of plaintiff in error is denied in the reply to the second and third defenses, and should therefore be considered as a fact which has been put in issue. We do not think it necessary to pass upon the question of pleading, as the fact that Cook was a subtenant of plaintiff in error is found as an admission in the letter written by defendant in error to plaintiff in error and attached to the bill of exceptions as an exhibit.
In view of the conclusion at which we have arrived as to the legal effect of the provision in question in the lease, it is not necessary to consider whether or not defendant in error voluntarily accepted the surrender of the lease.
We express no opinion as to the result should it be made to appear from the evidence that the license was refused because of the unfitness of Cook, or' because of his failure to apply for a license within a reasonable time.
For the reasons above stated, the judgment of the lower court will be reversed and cause remanded.

Judgment reversed and cause remanded.

Ferneding and Allread, JJ., concur.